**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4349

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

PEDRO JAIMEZ, a/k/a Salbador Pineda-Palacios,
a/k/a  Celso  Pineda,  a/k/a  Celso  Pineda-
Valdovinos,

                                        Defendant - Appellant.

Appeal  from  the  United  States  District  Court  for  the  Middle
District of North Carolina, at Durham.  William L. Osteen, District
Judge.  (1:05-cr-00294-WLO)

Submitted:  October 31, 2006        Decided:  November 28, 2006

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury,
Jr., Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pedro Jaimez, a/k/a Salbador Pineda-Palacios, a/k/a Celso Pineda, a/k/a Celso Pineda-Valdovinos appeals his conviction and 105-month sentence for illegal reentry of a previously-deported aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2)(2000). Jaimez's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred by imposing a sentence within the guidelines. Specifically, counsel questions the district court's application of an enhancement for obstructing justice and the denial of the acceptance of responsibility deduction. See U.S. Sentencing Guidelines Manual §§ 3C1.1 and 3E1.1 ("USSG"). The Government did not file a reply brief, and although advised of his right to do so, Jaimez did not file a pro se supplemental brief. Finding no reversible error, we affirm.

Jaimez avers that the district court erred in enhancing his offense level for obstruction of justice. Jaimez provided the court and the probation officer with two different true names. By supplying an incorrect name, Jaimez "provid[ed] materially false information" to either the court or the probation officer. See USSG §§ 3C1.1, comment. (n.4(f) and (h)). It is irrelevant that Jaimez derived no advantage from providing this false information.

The district court properly enhanced Jaimez's sentence for obstructing justice.

Jaimez also contends that he was improperly denied at least a two-level deduction for acceptance of responsibility because he did accept responsibility for his actions by pleading guilty. A defendant is usually not eligible for the acceptance of responsibility downward adjustment under USSG § 3E1.1 when he receives an upward adjustment for obstruction of justice under USSG § 3C1.1. <u>See</u> <u>United States v. Murray</u>, 65 F.3d 1161, 1165 (4th Cir. 1995). Jaimez provided the court and the probation officer with two different true names, actions that are clearly inconsistent with accepting responsibility. The district court did not err by denying him the adjustment.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Jaimez's conviction and sentence. This court requires that counsel inform Jaimez, in writing, of the right to petition the Supreme Court of the United States for further review. If Jaimez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jaimez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED